Todd, Appellant, vs. Loomis and others, Respondents.

*April 15—October 5, 1915.*

*Judgment by default: Restraining enforcement: Fraud: Laches.*

In an action to restrain enforcement of a judgment by default on
the ground that it was inequitable and obtained by fraud, the
evidence is *held* to sustain the findings of the trial court that
there was no fraud or unfair conduct in securing the judgment,
and that plaintiff, having slept upon his rights for more than
two years, was not entitled to equitable relief.

Appeal from a judgment of the circuit court for Washburn county: W. B. Quinlan, Judge. *Affirmed.*

Action to enjoin enforcement of a judgment upon the ground of its being inequitable and having been obtained by fraud.

The judgment referred to was rendered by default November 21, 1911, in the circuit court for Washburn county, in favor of *C. A. L. Loomis* and against plaintiff for $564.22, on two promissory notes of $250 each. Plaintiff in this action claimed that the two notes were given with a contract for the purchase of a stallion, and were, when parted with, attached to such contract and governed by its provisions; that they did not have any red-ink memorandum written thereon; that they were given in payment for a stallion; and that, later, and without his knowledge or consent, such memorandum was so written. It was stipulated in the contract that the purchase price of the notes should be paid out of earnings of the stallion, should not be enforced until such earnings amounted to $500, and, in case of precedent death of the stallion from some unavoidable cause, the earnings up to that time should be received in settlement of the debt. Fifty dollars were earned by the stallion the first year and paid over. The animal died the next year, having earned $50, which was collected and paid over, and $40 in advance payments which it was mutually agreed plaintiff might keep

for expenses.   By reason of the facts plaintiff refused to pay anything further on the notes and in November, 1911, thereafter suit was commenced thereon.   Plaintiff is an ignorant man and did not appreciate the effect of the service made on him.   He was informed by the attorney that no judgment would be taken against him on the notes because the required red-ink memoranda were not thereon.   He relied thereon. He supposed he had to appear at the attorney's office in twenty days but did not do so because he was sick.   Application was made to the clerk of the circuit court for judgment. The notes did not disclose their true character, because detached from the contract, otherwise judgment could not have been obtained.   They then contained the required red-ink memoranda.   Plaintiff did not discover the fraud that had been perpetrated on him till about March, 1914.   Before this action was commenced the judgment was assigned to *Chrissie T. Loomis,* wife of defendant *C. A. L. Loomis.* The judgment is inequitable and a cloud on the title to plaintiff's realty.

The claim of defendants was this: The notes, when delivered, were in the same condition as when put in judgment. The stallion was sold to be used for breeding purposes and with the understanding alleged.   The stallion was not used for breeding purposes to any considerable extent and so far as so used the earnings were not accounted for.   The maker of the notes understood fully the proceedings to obtain judgment but paid no attention thereto.

There was evidence on behalf of plaintiff tending to prove the facts alleged by him and evidence on behalf of defendants tending to prove the facts as claimed by them, particularly this: Efforts were made to obtain a settlement with the debtor on several occasions after the horse died.   The action on the notes was not commenced until over a year thereafter.   The debtor knew that commencement of the action meant a judg-

ment against him if he paid no attention to the matter.   He
was not misled by the plaintiff in such action, or his attorney.
He neglected the matter, thinking he was execution proof,
until some two years and a half after judgment.   He then
discovered that if the notes did not, originally, have the red-
ink memoranda thereon required by law, they were unenforce-
able, and then proceeded to avoid judgment on that ground.

   The trial court found, among other things, this: A proper
red-ink memorandum was written on each of the notes when
they were executed.   The judgment on the notes was regu-
larly entered upon due and proper service, November 21,
1911.   The action to impeach such judgment was not com-
menced until April 14, 1914.   The judgment was not en-
tered for some two months after service of the summons.
The action was not commenced until after reasonable, but
fruitless efforts were made to secure an accounting and set-
tlement under the purchase contract.   After the entry of the
judgment, efforts were made to have the debtor pay it, but he
refused to do so, or pay any attention thereto, believing that
it was uncollectible.   When he came to appreciate that his
property could be reached to satisfy it he commenced this ac-
tion.   He is a man of average intelligence and reasonably
well acquainted with court proceedings.   He so slept upon
his rights as to be guilty of fatal laches.

   Upon such facts, judgment of dismissal with costs was or-
dered and rendered.

   *A. L. Bugbee,* for the appellant.

   For the respondents there was a brief by *L. H. Mead* and
*D. L. Grannis,* and oral argument by *Mr. Grannis.*

   The following opinion was filed May 4, 1915:

   MARSHALL, J.   Notwithstanding counsel for appellant
discussed at considerable length in his brief and oral argu-
ment several legal propositions, the cause below turned on

the facts.    There was no controversy there and there is none here respecting any principle of law.

It follows that the real purpose of this appeal is to impeach the findings of the trial court respecting the appellant's allegations of matters of fact.    On that we are unable to see our way clear to disturb the decision below.    The findings are all against appellant's claims of fraud and unfair conduct and on sufficient evidence to preclude disturbing them.    The findings also amply warranted the conclusion that appellant had too long slept upon his claim for redress to be entitled to the favor of equity.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on October 5, 1915.